RYAN D. SABA, ESQ. (State Bar No. 192370)
rsaba@rosensaba.com
MARIA A. STARN, ESQ. (State Bar No. 235724)
mstarn@rosensaba.com
Rosen ✧ Saba, LLP
9350 Wilshire Boulevard, Suite 250
Beverly Hills, California 90212
Telephone:   (310) 285-1727
Facsimile:   (310) 285-1728

Attorneys for Defendant,
THOMAS D. HAN DMD d/b/a BEACH
DENTAL CARE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| RYOO DENTAL, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS D. HAN DMD, an individual d/b/a BEACH DENTAL CARE; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No.: 8:15-cv-00308 JLS (RNBx)<br>*Hon. Josephine L. Staton*<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER RULE 12(b)(6) AND MOTION TO STRIKE UNDER RULE 12(f)**<br><br>Date:   June 26, 2015<br>Time:   2:30 p.m.<br>Courtroom:   10A<br><br>Complaint filed:  February 24, 2015 |

ROSEN ✧ SABA, LLP
9350 WILSHIRE BOULEVARD, SUITE 250
BEVERLY HILLS, CALIFORNIA 90212

**TO THIS HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE that on June 26, 2015 at 2:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 10A of the above entitled Court located in the United States District Court, Central District of California, at 411 West Fourth Street, Room 1053, Santa Ana, California 92701, Defendant THOMAS D. HAN DMD d/b/a BEACH DENTAL CARE ("Defendant") will and hereby does move this Court for an Order dismissing, with prejudice, the First Amended Complaint ("Complaint") filed by Plaintiff RYOO DENTAL, INC. ("Plaintiff") against Defendant on the grounds that the Complaint fails to state facts sufficient to support a facially plausible claim for:

    (1)       Conversion;

    (2)       Negligent Interference with Prospective Economic Advantage;

    (3)       False Advertising in Violation of California *Business & Professions Code* §17500, *et seq.*;

    (4)       Unfair Competition in Violation of California *Business & Professions Code* §§17200, *et seq.*;

    (5)       Unjust Enrichment;

    (6)       Demand for Accounting; and

    (7)       Attorneys' fees, punitive or exemplary damages.

This Motion is made pursuant to Federal *Rules of Civil Procedure*, Rule 12(b)(6).  In the alternative, Defendant moves to strike the prayer for attorneys' fees and punitive damages pursuant to Federal *Rules of Civil Procedure*, Rule 12(f).

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on May 6, 2015.

ROSEN ◇ SABA, LLP
9350 WILSHIRE BOULEVARD, SUITE 250
BEVERLY HILLS, CALIFORNIA 90212

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROSEN ✧ SABA, LLP
9350 WILSHIRE BOULEVARD, SUITE 250
BEVERLY HILLS, CALIFORNIA 90212

This motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities and on the papers, records and pleadings on file herein, and upon such other and further argument as may be presented in reply papers and/or at the hearing on this Motion.

DATED: May 22, 2015                    ROSEN ✧ SABA, LLP

By:    /s/   Maria A. Starn____
RYAN D. SABA, ESQ.
MARIA A. STARN, ESQ.
Attorneys for Defendant,
THOMAS D. HAN DMD d/b/a
BEACH DENTAL CARE

DEFENDANT'S RULE 12(B)(6) MOTION TO DISMISS AND RULE 12(F) MOTION TO STRIKE COMPLAINT

# **<u>TABLE OF CONTENTS</u>**

I.    INTRODUCTION.....................................................................................1

II.   LEGAL STANDARD. ...............................................................................2

III.  LEGAL ARGUMENT. .............................................................................3

  A.  Plaintiff's State Law Claims Are Preempted. ...................................3

    1.  Conversion. ..............................................................................5

    2.  Negligent Interference with Prospective Economic Advantage.................6

    3.  False Advertising/Unfair Competition. .......................................7

    4.  Unjust Enrichment/Demand for Accounting............................8

  B.  Plaintiff Fails to State a Claim for Attorneys' Fees AndPunitive Damages. 8

    1.  Attorneys' Fees and Punitive Damages Not Recoverable Under the Copyright Act. .......................................................................8

    2.  Attorneys' Fees and Punitive Damages Not Recoverable Under the California Unfair Competition Law ..........................................9

IV.  CONCLUSION. ......................................................................................11

ROSEN ✧ SABA, LLP
9350 WILSHIRE BOULEVARD, SUITE 250
BEVERLY HILLS, CALIFORNIA 90212

i

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Ashcroft v. Iqbal* (2009)
   556 U.S. 662 ................................................................. 2, 3

*Bell Atlantic v. Twombly* (2007)
   550 U.S. 544 ................................................................. 2, 3

*Dielsi v. Falk* (C.D. Cal. 1996)
   916 F.Supp.985 ............................................................. 5, 6

*Fantasy, Inc. v. Fogerty* (9th Cir.1993)
   984 F.2d 1524 .................................................................... 8

*Firoozye v. Earthlink Network* (N.D. Cal. 2001)
   153 F.Supp.2d 1115 ........................................................... 5

*Fogerty v. Fantasy*, Inc. (1994)
   510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 ................ 8

*Friedman v. 24 Hour Fitness USA, Inc.*,
   580 F.Supp.2d 985 (C.D.Cal. 2008) ................................. 8

*Ghahremani v. Borders Group, Inc.* (S.D.Cal. 2010)
   WL 4008506 ....................................................................... 8

*Kodadek v. MTV Networks, Inc.* (9th Cir. 1998)
   152 F.3d 1209 .................................................................... 7

*Newport Components, Inc. v. NEC Home Electronics (U.S.A.), Inc.* (C.D. Cal. 1987)
   671 F.Supp.1525 ............................................................... 9

*Ticketmaster L.L.C. v. RMG Technologies, Inc.* (C.D. Cal. 2007)
   507 F.Supp.2d 1096 .......................................................... 4

*Wild v. NBC Universal, Inc.* (C.D. Cal. 2011)
   788 F.Supp.2d 1083 ........................................................ 4, 7

*Worth v. Universal Pictures, Inc.* (C.D. Cal. 1997)
   5 F.Supp.2d 816 ................................................................. 6

*Xerox Corp. v. Apple Computer, Inc.* (N.D. Cal. 1990)
   734 F.Supp. 1542 ........................................................... 5, 7

## STATE CASES

*California Licensed Foresters Assn. v. State Bd. of Forestry* (1994)
   30 Cal.App.4th 562 .......................................................... 10

*Flannery v. California Highway Patrol* (1998)
   61 Cal.App.4th 629 71 Cal.Rptr.2d 632 ......................... 10

*Kistler v. Redwoods Community College Dist.* (1993)

ROSEN ◇ SABA, LLP
9350 WILSHIRE BOULEVARD, SUITE 250
BEVERLY HILLS, CALIFORNIA 90212

ii

15 Cal.App.4th 1326 19 Cal.Rptr.2d 417 ........................................................10

*Krisel v. Contempo Homes, Inc.* (C.D. Cal. Sep. 26, 2006)
WL 5668181 *3 .................................................................................................9

*Tri-Growth Centre City, Ltd. v. Silldorf, Burdman, Duignan & Eisenberg* (1989)
216 Cal.App.3d 1139 ........................................................................................6

*Whittaker v. Countrywide Fin. Corp.*, (C.D.Cal. Nov. 1, 2010)
U.S. Dist. LEXIS 122319 ................................................................................10

**FEDERAL STATUTES**

17 U.S.C.A. §101 .................................................................................................3

17 U.S.C.A. §102 .................................................................................................4

17 U.S.C.A. §102(a) .............................................................................................4

17 U.S.C.A. §103 .................................................................................................4

17 U.S.C.A. §106 .............................................................................................4, 6

17 U.S.C.A. §301(a) .........................................................................................2, 4

17 U.S.C.A. §412 .................................................................................................8

17 U.S.C.A. §504 .................................................................................................9

Federal Rules of Civil Procedure, Rule 12(b)(6) ...............................................1

Federal Rules of Civil Procedure, Rule 12(f) .................................................1, 8

Federal Rules of Civil Procedure, Rule 8(a)(2) ..................................................2

**CALIFORNIA STATUTES**

California Business and Professions Code §17200 ..........................................7, 9

California Code of Civil Procedure §1021.5 ...............................................10, 11

California Code of Civil Procedure §17500 .......................................................9

ROSEN ◇ SABA, LLP
9350 WILSHIRE BOULEVARD, SUITE 250
BEVERLY HILLS, CALIFORNIA 90212

DEFENDANT'S RULE 12(B)(6) MOTION TO DISMISS AND RULE 12(F) MOTION TO STRIKE COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant respectfully submits this Memorandum of Points and Authorities in support of its Federal *Rules of Civil Procedure*, Rule 12(b)(6) motion to dismiss Plaintiff's state law claims for: (1) Conversion, (2) Negligent Interference with Prospective Economic Advantage,  (3) False Advertising, (4) Unfair Competition, (5) Unjust Enrichment, (6) Demand for Accounting, and (6) prayer for attorneys' fees and punitive damages.  Defendant brings this motion on the grounds that Plaintiff's state law claims are preempted by the Copyright Act.  In addition, Plaintiff's claim for attorneys' fees and punitive damages are not authorized by the Copyright Act.  In the alternative, Defendant moves to strike Plaintiff's prayer for attorneys' fees and punitive damages as irrelevant and impertinent matter under Federal *Rules of Civil Procedure*, Rule 12(f).

## I.   INTRODUCTION.

The parties to this Complaint are both dentists who advertise their dental services and products on the internet.  Plaintiff, Dr. Ryoo, maintains a website at www.ryoodds.com.  Defendant, Dr. Han, maintains a website at www.beachdentalcareanaheim.com.  Plaintiff alleges that during the period 2011 through May 2014, Defendant's website plagiarized Plaintiff's website by incorporating certain text and photographs allegedly copied from Plaintiff's website.  [*See*, First Amended Complaint ("FAC"), Docket No. 17, at ¶¶23, 27.]  In connection therewith, Plaintiff brings this Complaint against Defendant for copyright infringement.  In addition, Plaintiff asserts various state law claims based on Defendant's alleged infringing activity.

On April 23, 2015, Defendant filed a Motion to Dismiss Plaintiff's Complaint challenging the sufficiency of Plaintiff's copyright claim and asserting preemption as a complete defense to Plaintiff's state law claims.  In response, on May 8, 2015, Plaintiff filed a First Amended Complaint.  Shortly thereafter, this

ROSEN ◇ SABA, LLP
9350 WILSHIRE BOULEVARD, SUITE 250
BEVERLY HILLS, CALIFORNIA 90212

Court entered an Order denying Defendant's Motion to Dismiss as moot.

The factual allegations of the amended pleading are substantively identical to the original complaint with the only distinction being Plaintiff's new allegation that Defendant's alleged unauthorized copying of Plaintiff's website materials supports additional claims for "conversion" and "negligent interference with prospective economic advantage."  However, the factual predicates underlying Plaintiff's two new causes of action remain the same as alleged in the original complaint. For example, in connection with his new claim for conversion, Plaintiff alleges that Defendant "took, without authorization, the RYOO WORK owned by Plaintiff and converted those materials to their own use."  [FAC, at ¶49.]  Likewise, the factual allegations underlying Plaintiff's other state law claims for Negligent Interference with Prospective Economic Advantage, False Advertising, Unfair Competition, Unjust Enrichment, and Demand for Accounting are all founded upon Defendant's alleged infringement of Plaintiff's alleged copyrightable works.  As Plaintiff's state law claims assert rights that are equivalent to those protected by the Copyright Act, they are expressly preempted by 17 U.S.C. §301(a).

Further, because Plaintiff filed its copyright applications *after* the alleged period of infringement, Plaintiff's claims for attorneys' fees and statutory damages [or punitive damages or exemplary damages] are barred by the Copyright Act.

## II.   <u>LEGAL STANDARD</u>.

Under Federal *Rules of Civil Procedure*, Rule 8(a)(2) a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  To survive a motion to dismiss, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic v. Twombly* (2007) 550 U.S. 544, 555-57. That is, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal* (2009) 556 U.S. 662,

ROSEN ✧ SABA, LLP
9350 WILSHIRE BOULEVARD, SUITE 250
BEVERLY HILLS, CALIFORNIA 90212

679.   Rather, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 557, and to "state a claim to relief that is plausible on its face." *Id*. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

A court should evaluate factual allegations to determine whether "they plausibly give rise to an entitlement to relief."  *Id*. at 679.  While courts should accept all factual allegations as true, courts are not required to accept as true "a legal conclusion couched as a factual allegation."  *Id*. at 678.  A complaint that does not meet the plausbility standard cannot survive a motion to dismiss.  "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency...should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal citations omitted).

## III.   <u>LEGAL ARGUMENT</u>.

### *A.   <u>Plaintiff's State Law Claims Are Preempted.</u>*

The Copyright Act of 1976 (17 U.S.C.A. §101, et seq.) expressly preempts Plaintiff's pendent state law claims based on copyright.  More precisely, the Copyright Act's preemption provision provides, in pertinent part, that:

> All legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103 whether created before or after that date and whether published or unpublished, are governed

ROSEN ◊ SABA, LLP
9350 WILSHIRE BOULEVARD, SUITE 250
BEVERLY HILLS, CALIFORNIA 90212

exclusively by this title.  Thereafter, no person is entitled to any such right or at the equivalent right in any such work under the common law or statues of any State.

[17 U.S.C.A. §301(a).]

Under this section, preemption is analyzed under a two-step analysis.  *Wild v. NBC Universal, Inc.* (C.D. Cal. 2011) 788 F.Supp.2d 1083, 1110.  "Under this test, the court 'must first determine whether the 'subject matter' of the state law claim falls within the subject matter of copyright as described in 17 U.S.C. §§102 and 103.'  Next, assuming that it does, the Court must 'determine whether the rights asserted under state law are equivalent to the rights contained in 17 U.S.C. §106, which articulates the exclusive rights of copyright holders.'"  *Id.*  Based on the allegations of the Complaint, both prongs of the preemption analysis have been met.

First, the work involved must fall within the subject matter of the Copyright Act.  This prong is easily satisfied.  In the present case, the work involved includes text, photographs and artwork displayed on Plaintiff's website. Generally, copyright protects original authorship fixed in tangible medium.  17 U.S.C. §102(a).  "For works transmitted online, the copyrightable authorship may consist of text, artwork, music, audiovisual material (including any sounds), sound recording, etc."  United States Copyright Office, Circular 66; see also, *Ticketmaster L.L.C. v. RMG Technologies, Inc.* (C.D. Cal. 2007) 507 F.Supp.2d 1096, 1104 ("A website may constitute a work of authorship fixed in a tangible medium of expression…Copyright protection for a website may extend to both the screen displays and the computer code for the website.")  Accepting the allegations of the Complaint to be true for purposes of this motion, it is clear that the work involved falls within the subject matter of copyright.

Second, the Court must analyze whether plaintiff's state law claims seek to assert rights equivalent to those protected by the Copyright Act.  *Firoozye v.*

1   *Earthlink Network* (N.D. Cal. 2001) 153 F.Supp.2d 1115, 1125-26.   Under this

2   prong, "a court must analyze the elements of the state-law cause of action to see if

3   the right defined by state law may be abridged by an act which in and of itself

4   would infringe one of the exclusive rights in the Act."   *Id*.   In order to avoid

5   preemption, "the right under state law must have an 'extra element' that 'changes

6   the nature of the action so that it is qualitatively different from a copyright

7   infringement claim.'"   *Xerox Corp. v. Apple Computer, Inc.* (N.D. Cal. 1990) 734

8   F.Supp. 1542, 1550.   Here, Plaintiff's state law claims are not qualitatively different

9   from his copyright infringement claims.

10                    1.   Conversion.

11        To state a claim for conversion, a plaintiff must establish: (1) the plaintiff's

12   ownership or right to possession of a certain piece of property; (2) the defendant's

13   conversion of the property by a wrongful act of disposition of property rights, and

14   (3) damages.   *Firoozye*, *supra*, 153 F.Supp.2d at p.1129.   In those cases where

15   plaintiff's conversion claim is based on defendant's seizure of tangible property,

16   courts have found the "extra element" required to avoid preemption.   However,

17   where, as here, "a plaintiff is only seeking damages from a defendant's

18   *reproduction* of a work – and not the actual return of a physical piece of property –

19   the claim is preempted."   *Id*. at p.1130; see also, *Dielsi v. Falk* (C.D. Cal. 1996) 916

20   F.Supp.985, 992 (claims of interference with intangible property constituting

21   plagiarism or misappropriation are "clearly equivalent to a copyright claim").

22        In *Dielsi*, plaintiff sought to state a cause of action for conversion based upon

23   defendants having converted his script to produce an episode of the Columbo

24   television series. The court first noted that, "[g]enerally, the copying and

25   distribution of literary intangible property does not state a claim for conversion." *Id*.

26   at p.992.   Conversion requires interference with tangible rather than intangible

27   property.   *Id*.   Interference with intangible property would constitute plagiarism or

28   misappropriation.   *Id*.   In addition, the court concluded that plaintiff's cause of

action for conversation was preempted by the Copyright Act. The crucial allegation in plaintiff's complaint was that defendants wrongfully used and distributed a work authored by plaintiff. *Id*. at p.992. The allegation was equivalent to a copyright claim. *Id*.

Here, like Plaintiff's other state law claims, Plaintiff's conversion claim incorporates *all of the allegations of the first cause of action for copyright infringement* and asserts that "Defendants duplicated the RYOO WORK from Plaintiff RYOO's www.ryoodds.com website and incorporated said content into Defendants' website located at: www.beachdentalcareanaheim.com ("INFRINGING SITE")." [FAC at ¶23.] Based on these acts, Plaintiff alleges that Defendant violated RYOO's exclusive rights under Section 106 of the Copyright Act to reproduce, distribute, and prepare derivative [sic] based on these materials." [FAC at ¶30.] Moreover, Plaintiff does not seek to retrieve any of these items but rather seeks monetary damages for Defendant's alleged unauthorized use and reproduction of Plaintiff's works. As federal copyright law encompasses reproduction and distribution of copyrighted works, Plaintiff's claimed damages for lost profits and moneys expended to re-launch its website are subsumed within federal copyright law. *Worth v. Universal Pictures, Inc.* (C.D. Cal. 1997) 5 F.Supp.2d 816, 822-823. Therefore, Plaintiff's conversion claim is preempted.

2.   Negligent Interference with Prospective Economic Advantage.

"Under the privilege of free competition, a competitor is free to divert business to himself as long as he uses fair and reasonable means." *Tri-Growth Centre City, Ltd. v. Silldorf, Burdman, Duignan & Eisenberg* (1989) 216 Cal.App.3d 1139, 1153-54. Thus, to state a claim for negligent interference with prospective economic advantage, a plaintiff must show that Defendant's interference is somehow wrongful, i.e. "based on facts that take the defendant's actions out of the realm of legitimate business transactions." *Id*. In the present case, the wrongful interference is the alleged "conversion of, and interference with

ROSEN ◇ SABA, LLP
9350 WILSHIRE BOULEVARD, SUITE 250
BEVERLY HILLS, CALIFORNIA 90212

the RYOO work." [FAC at ¶58.] Plaintiff's conversion claim is based on Defendant's purported reproduction of Plaintiff's copyrightable works. "Where claims of such interference are based on the misappropriation or improper use of one's exclusive right to exploit a protected work, such a claim essentially restates the infringement claim and is preempted." *Wild*, *supra*, 788 F.Supp.2d at p.1111 (finding plaintiff's interference claim amounted to nothing more than reiterating an economic loss resulting from the misappropriation of Plaintiff's copyrighted work and, thus, preempted). This is a claim that must be "exclusively addressed by the federal Copyright Act" *Id.*

### 3. False Advertising/Unfair Competition.

The essence of Plaintiff's claims for false advertising and unfair competition is that Defendant violated a provision of state law by plagiarizing purported copyrightable aspects of Plaintiff's website - text and photographs - and misrepresenting said works as his own. These allegations are not qualitatively different from Plaintiff's copyright claim. See, *Kodadek v. MTV Networks, Inc.* (9th Cir. 1998) 152 F.3d 1209, 1212.

In *Kodadek*, plaintiff alleged that defendant had been marketing a cartoon and other merchandise based on his drawings without his authorization. *Id.* at pp.1212–1213. Based on these allegations, he sought to set forth a state law claim for unfair competition. *Id.* at p.1213. The court held the rights plaintiff sought to assert under state law were the equivalent of rights protected under the Copyright Act—the rights to reproduce copyrighted work, to prepare derivative works, and to distribute those works to the public. *Id.*; *See also*, 1 Nimmer, §1.01[B][1][e] at 1-24, n. 110 [stating that if B is selling B's products and representing to the public that they are B's products, a claim by A that B's products replicate A's is a disguised copyright infringement claim and is preempted]; *See also*, *Xerox Corp*, *supra*, 734 F.Supp. at p.1550 [finding a §17200 claim for unfair competition arising from defendant's alleged sale of plaintiff's work as its own thereby creating

7

1
2
3

customer confusion "must necessarily be viewed as part of [plaintiff's] copyright claim" and, thus, preempted]. Pursuant to the authorities cited above, Plaintiff's claims for false advertising and unfair competition are preempted.

4

    4.    Unjust Enrichment/Demand for Accounting.

5
6
7
8
9
10

Finally, Plaintiff's state law claims of unjust enrichment and accounting are likewise preempted. Hereto, Plaintiff simply seeks to recover gains, profits and advantages that Defendant unjustly received as a result of Defendant's unauthorized reproduction of Plaintiff's works. Like Plaintiff's other state law claims, these rights and damages are expressly governed by the Copyright Act and are preempted.

11
12

**B.** **_Plaintiff Fails to State a Claim for Attorneys' Fees And Punitive Damages._**

13
14
15
16
17
18

Federal *Rules of Civil Procedure*, Rule 12(f), permits this Court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." The function of a Rule 12(f) motion to strike is to avoid the time and cost spent on spurious issues by dispensing of those issues prior to trial. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), rev'd on other grounds, *Fogerty v. Fantasy*, Inc., 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).

19
20
21
22
23

Courts will grant motions to strike if the allegations have no possible relation to the controversy and their presence in the pleading will prejudice the moving party. *Fantasy, Inc., supra*, 984 F.2d at 1527; *Ghahremani v. Borders Group, Inc.*, 2010 WL 4008506 (S.D.Cal. 2010) (not reported) (J. Benitez); *Friedman v. 24 Hour Fitness USA, Inc.*, 580 F.Supp.2d 985, 990 (C.D.Cal. 2008).

24
25

    1.    Attorneys' Fees and Punitive Damages Not Recoverable Under the Copyright Act.

26
27

Section 412 of the Copyright Act prohibits an award of attorneys' fees or statutory damages in a copyright infringement action if:

28

ROSEN ◇ SABA, LLP
9350 WILSHIRE BOULEVARD, SUITE 250
BEVERLY HILLS, CALIFORNIA 90212

8

(1) an infringement of copyright in an unpublished work commenced before the effective date of its registration; or

(2)  any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after first publication of the work.

In this case, subsection (2) is the relevant provision.  According to the Complaint, the infringement occurred after the first publication of the work and before the effective date of registration.  In the Complaint, Plaintiff alleges that the first date of publication of the entire content of www.ryoodds.com was created in 2007, the infringement occurred in 2011 to 2014, and Plaintiff's application for registration was not made until 2015.  [Complaint at ¶¶15, 17.] As Plaintiff did not register the work before the alleged infringement, Plaintiff cannot recover attorneys' fees.  Accordingly, this prayer for damages is properly stricken.

Likewise, punitive damages are not authorized under the Copyright Act and are properly stricken from the Complaint.  *See*, 17 U.S.C.A. §504 (authorizing actual or statutory damages for copyright infringement); *See also*, *Krisel v. Contempo Homes, Inc.* 2006 WL 5668181 *3 (C.D. Cal. Sep. 26, 2006).

    2.    <u>Attorneys' Fees and Punitive Damages Not Recoverable Under California's Unfair Competition Law.</u>

Plaintiff has also prayed for punitive damages and attorneys' fees in connection with his §§17200, 17500 and Unjust Enrichment claims.  The remedies available to private litigants pursuing claims under California's Unfair Competition Law are equitable only, i.e. injunction and restitution.  Punitive damages are not recoverable.  *Newport Components, Inc. v. NEC Home Electronics (U.S.A.), Inc.* (C.D. Cal. 1987) 671 F.Supp.1525, 1551.

In addition, Plaintiff pays for attorneys' fees in connection with his §17500

Rosen ◇ Saba, LLP
9350 Wilshire Boulevard, Suite 250
Beverly Hills, California 90212

9

ROSEN ✧ SABA, LLP
9350 WILSHIRE BOULEVARD, SUITE 250
BEVERLY HILLS, CALIFORNIA 90212

claim under California *Code of Civil Procedure* §1021.5. This section codifies the "private attorney general" doctrine under which attorneys' fees may be awarded to successful litigants.

"Entitlement to fees under section 1021.5 requires a showing that the litigation: '(1) served to vindicate an important public right; (2) conferred a significant benefit on the general public or a large class of persons; and (3) imposed a financial burden on plaintiffs which was out of proportion to their individual stake in the matter.'" *California Licensed Foresters Assn. v. State Bd. of Forestry* (1994) 30 Cal.App.4th 562, 568-69. Attorneys' fees under this section will only be awarded for pursuing public interest litigation, "not a reward for litigants motivated by their own interests who coincidentally serve the public." *Id.*; *see also*, *Flannery v. California Highway Patrol*, 61 Cal.App.4th 629, 635, 71 Cal.Rptr.2d 632 (1998) ("When the record indicates that the primary effect of a lawsuit was to advance or vindicate a plaintiff's personal economic interests, an award of fees under section 1021.5 is improper .... [the statute's] purpose is to provide some incentive for the plaintiff who acts as a true private attorney general, prosecuting a lawsuit that enforces an important public right and confers a significant benefit, despite the fact that his or her own financial stake in the outcome would not by itself constitute an adequate incentive to litigate.") (internal citations omitted); *see also*, *Whittaker v. Countrywide Fin. Corp.*, 2010 U.S. Dist. LEXIS 122319 (C.D.Cal. Nov. 1, 2010) (striking prayer for attorneys' fees pursuant to section 1021.5 where the plaintiffs were motivated by their own pecuniary interests and not by a desire to pursue a public benefit); *Kistler v. Redwoods Community College Dist.*, 15 Cal.App.4th 1326, 1337, 19 Cal.Rptr.2d 417 (1993) ("Code of Civil Procedure section 1021.5, the private attorney general statute, is also inapplicable; respondents were not disinterested citizens seeking to establish new law on a question of public importance, they were simply seeking the wages due to them.").

Here, Plaintiff is not entitled to fees under Section 1021.5 because he has not

DEFENDANT'S RULE 12(B)(6) MOTION TO DISMISS AND RULE 12(F) MOTION TO STRIKE COMPLAINT

alleged claims that result in benefits for the general public or a large class of persons. Plaintiff's Complaint seeks damages for losses in earnings, restitution and unjust enrichment - damages that are personal to Plaintiff and inapplicable to a larger group of people.

## IV.  <u>CONCLUSION</u>.

For all the reasons advanced above, it is respectfully requested that this Court dismiss, with prejudice, Plaintiff's state law claims for: (1) Conversion, (2) Negligent Interference with Prospective Economic Advantage, (3) False Advertising, (4) Unfair Competition, (5) Unjust Enrichment, (6) Demand for Accounting, and (6) prayer for attorneys' fees and punitive damages.


DATED: May 22, 2015                                    ROSEN ✧ SABA, LLP


                                          By:    /s/  Maria A. Starn
                                                 RYAN D. SABA, ESQ.
                                                 MARIA A. STARN, ESQ.
                                                 Attorneys for Defendant,
                                                 THOMAS D. HAN DMD d/b/a
                                                 BEACH DENTAL CARE

ROSEN ✧ SABA, LLP
9350 WILSHIRE BOULEVARD, SUITE 250
BEVERLY HILLS, CALIFORNIA 90212

# PROOF OF SERVICE

**STATE OF CALIFORNIA** )
)  ss
**COUNTY OF LOS ANGELES** )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is: 9350 Wilshire Boulevard, Suite 250, Beverly Hills, California 90212.

On May 22, 2015 I served the foregoing document described as: **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER RULE 12(b)(6) AND MOTION TO STRIKE UNDER RULE 12(f)**, on the interested parties in this action as follows:

| | |
|---|---|
| David A. Berstein, Esq.<br>Nicholas D. Myers, Esq.<br><br>Michael J. Carey, Esq.<br>MYERS BERSTEIN LLP<br>2 Executive Circle, Ste. 205<br>Irvine, California 92614 | Attorneys for Plaintiff RYOO DENTAL, INC.:<br><br>Tel: (949) 825-5590<br>Email: Nicholas@mybelaw.com |

[ ]     By Mail -

    [ ]     As follows:   I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Beverly Hills, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[√]     By electronic transmission to all parties at the recipients at the electronic address above by using the Court's CM/ECF electronic filing system.

[√]     FEDERAL    I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  I also declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **May 22, 2015**, at Beverly Hills, California.

                    /s/   Maria A. Starn, Esq.

ROSEN ✧ SABA, LLP
9350 WILSHIRE BOULEVARD, SUITE 250
BEVERLY HILLS, CALIFORNIA 90212

POS RE: DEFENDANT'S RULE 12(B)(6) MOTION TO DISMISS AND RULE 12(F) MOTION TO STRIKE COMPLAINT