RYAN D. SABA, ESQ. (State Bar No. 192370)
rsaba@rosensaba.com
MARIA A. STARN, ESQ. (State Bar No. 235724)
mstarn@rosensaba.com
Rosen ✧ Saba, LLP
9350 Wilshire Boulevard, Suite 250
Beverly Hills, California 90212
Telephone: (310) 285-1727
Facsimile: (310) 285-1728

Attorneys for Defendant,
THOMAS D. HAN DMD d/b/a BEACH DENTAL CARE

ROSEN ✧ SABA, LLP
9350 WILSHIRE BOULEVARD, SUITE 250
BEVERLY HILLS, CALIFORNIA 90212

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

RYOO DENTAL, INC., a California corporation,

Plaintiff,

v.

THOMAS D. HAN DMD, an individual d/b/a BEACH DENTAL CARE; and DOES 1 to 10, inclusive,

Defendants.

Case No.: 8:15-cv-00308 JLS (RNBx)
*Hon. Josephine L. Staton*

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT UNDER RULE 12(b)(6) AND MOTION TO STRIKE UNDER RULE 12(f)**

Date: July 10, 2015
Time: 2:30 p.m.
Courtroom: 10A

Complaint filed: February 24, 2015

ROSEN ✧ SABA, LLP
9350 WILSHIRE BOULEVARD, SUITE 250
BEVERLY HILLS, CALIFORNIA 90212

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant THOMAS D. HAN DMD d/b/a BEACH DENTAL CARE ("Defendant") hereby submits his Reply to Plaintiff RYOO DENTAL, INC.'s ("Plaintiff") Opposition to Motion to Dismiss and Motion to Strike First Amended Complaint.

## I. PLAINTIFF'S STATE LAW CLAIMS ARE PREEMPTED.

Federal subject matter jurisdiction over claims arising under the Copyright Act is well recognized. 28 U.S.C.A. §1338. Concomitant with the grant of federal jurisdiction to claims arising under the Copyright Act is the preemption of state law rights that are *equivalent* to the rights under Section 106 of the Copyright Act. "Copyright preemption is both explicit and broad: 17 U.S.C. §301(a) prohibits state-law protection for any right equivalent to those in the Copyright Act." *G.S. Rasmussen & Associates, Inc. v. Kalitta Flying Service*, *Inc.* (9th Cir. 1992) 958 F.2d 896, 904.

Section 301 of the Copyright Act provides that state law claims are preempted if: (1) the subject matter of the state law claim falls within the subject matter of copyright as defined by Sections 102 and 103 of the Copyright Act; and (2) the state law rights are equivalent to the rights contained in 17 U.S.C. §106, which articulates the exclusive rights of copyright holders. *Wild v. NBC Universal, Inc.* (C.D. Cal. 2011) 788 F.Supp.2d 1083, 1110.

There is no dispute among the parties that the subject matter prong of the preemption analysis is met. That is, the subject matter of Plaintiff's state law claims, i.e. text, photographs and artwork published on Plaintiff's website, are works defined by the Copyright Act. Thus, the focus of Plaintiff's opposition is the second prong of the analysis; whether the asserted state right is equivalent to any of the exclusive rights contained in section 106 of the Copyright Act. To survive preemption, Plaintiff must show that the state claim relied upon asserts rights

ROSEN ✧ SABA, LLP
9350 WILSHIRE BOULEVARD, SUITE 250
BEVERLY HILLS, CALIFORNIA 90212

different from or in addition to those contained in Section 106, i.e. the right to publish, copy, and distribute the author's work. Plaintiff has not met this showing.

The Copyright Act confers a number of exclusive rights to the owner of a copyright. 17 U.S.C.A. §106. Under Section 106 of the Copyright Act, the owner of a copyright has the exclusive rights: (1) to reproduce copyrighted work, (2) prepare derivative works, and (3) distribute the copyrighted works for sale, lease or lending. Here, as discussed below, the gravamen of each of Plaintiff's state law causes of action incorporates and is based upon the allegation that "Defendants' unauthorized use of the RYOO WORK on the INFRINGING SITE violates Plaintiff RYOO's exclusive rights under Section 106 of the Copyright Act to reproduce, distribute, and prepare derivative [sic] based on these materials." [First Amended Complaint at ¶30.] Accordingly, the equivalency prong of the preemption analysis is also satisfied.

**A. <u>Conversion</u>.**

Plaintiff correctly observes that to avoid preemption, the state claim asserted must have an extra element beyond that of reproduction, distribution or display that changes the nature of the action. [Opposition at p. 5, lines 4-7.] In attempting to differentiate his conversion claim from his copyright infringement claim, Plaintiff argues that his conversion claims includes the extra elements of: (1) a taking without permission, (2) transmitting without permission, and (3) misuse of the converted RYOO WORK.

In rejecting a similar intent argument, one court observed: "'the mere fact that a state law requires scienter as a condition to liability, whereas the Copyright Act does not, cannot save the state law from preemption.'" *Worth v. Universal Pictures, Inc.* (C.D. Cal. 1997) 5 F.Supp.2d 816, 822 (*cf*, *Nimmer* at 1-14). Moreover, these purported extra elements do not change the gravamen of Plaintiff's action which is essentially that Defendant copied Plaintiff's web text, photographs and images and reproduced them on his website as his own.

ROSEN ✧ SABA, LLP
9350 WILSHIRE BOULEVARD, SUITE 250
BEVERLY HILLS, CALIFORNIA 90212

Plaintiff relies upon *Firoozye v. Earthlink Network* (N.D. Cal. 2001) 153 F.Supp.2d 1115 to argue that claims for conversion involve an extra element beyond unauthorized copying since they require a plaintiff to prove that defendant wrongfully obtained possession. However, Plaintiff's analysis stops short. In analyzing preemption of conversion claims in *Firooyze*, the court drew a distinction between conversion of tangible property and intangible property. There, the court explained that "while a claim for conversion typically involves *tangible property* and thus may be immune from preemption, where a plaintiff is only seeking damages from a defendant's *reproduction* of work – and not the actual return of a physical piece of property – the claim is preempted. *Id*. at p. 1130. There, the court held that the plaintiff's claim for conversion was preempted. In so holding, the court reasoned that the plaintiff was not seeking the return of a tangible piece of property but rather the plaintiff was alleging that the defendants wrongfully "reproduced" plaintiff's computer software program without his permission. The court found this allegation was "the essence of a claim for copyright infringement" and, thus, preempted. *Id*.

The facts of this case are substantively indistinguishable. Here, Plaintiff alleges that Defendant plagiarized his website by reproducing his works (text, photographs, and images) without his authorization. Specifically, Plaintiff alleges that:

- "Defendants' infringement of the RYOO WORK included, but was not limited to, images of Plaintiff RYOO's patients that were used on Defendants' INFRINING SITE without authorization. [First Amended Complaint at ¶24.];
- Defendants' unauthorized use of the RYOO WORK on the INFRINGING SITE violates Plaintiff RYOO's exclusive rights under Section 106 of the Copyright Act to reproduce, distribute, and prepare derivative [sic] based on these materials." [First Amended Complaint at ¶30.]; and

- (3) "Defendants without authorization, used, copied, reproduced, and republished the RYOO WORK." [First Amended Complaint at ¶43.]

These allegations are incorporated into each and every one of Plaintiff's state law claims. In accord with *Firooyze*, Plaintiff's conversion claim amounts to nothing more than a restatement of his alleged rights under the Copyright Act. *See also*, *Worth*, *supra*, 5 F.Supp.2d at 822-23 ("The Copyright Act protects reproduction, which does not necessarily interfere with the tangible property right in the item that is being copied.")

In *Worth*, a script writer sued a movie studio for various state law claims, including conversion, based on the unauthorized use of plaintiff's screenplay. In holding that the conversion claim was preempted by federal copyright law, the court observed that plaintiff did not sue for the physical deprivation or retrieval of tangible property, i.e. copies of scripts, photographs, drawings, designs, etc., but rather for the profits from the movie's reproduction and distribution, rights encompassed by federal copyright law. In holding plaintiff's conversion claim preempted the court stated, "[t]he profits created from the movie "Daylight" are the damages sought from the movie's unauthorized reproduction and distribution and are subsumed within federal copyright law." *Id.*

Finally, Plaintiff's reliance on *G.S. Rasmussen & Associates, Inc. v. Kalitta Flying Services, Inc.* (9th Cir. 1992) 958 F.2d 896 is misplaced. There, plaintiff alleged that defendant wrongfully *used* a government certificate issued to plaintiff without plaintiff's permission in order to obtain a regulatory permit. The court held that the Copyright Act did not preempt plaintiff's claims because those claims addressed interests not equivalent to interests protected by copyright. There, the plaintiff did not complain about the unauthorized *copying* of the work. Nor is it clear that he could have as the "STC certificate is a government form as to which no protection from copying exists." *Id.* at p. 904. Rather, the plaintiff complained about the unauthorized *use* of his certificate to obtain a regulatory permit. Here, the

ROSEN ✧ SABA, LLP
9350 WILSHIRE BOULEVARD, SUITE 250
BEVERLY HILLS, CALIFORNIA 90212

ROSEN ✧ SABA, LLP
9350 WILSHIRE BOULEVARD, SUITE 250
BEVERLY HILLS, CALIFORNIA 90212

crux of Plaintiff's claim is that Defendant allegedly copied, reproduced, and displayed Plaintiff's copyrighted works on his website and that Defendant is entitled to damages resulting from the alleged infringing conduct. Each of these rights is subsumed by federal copyright law.

**B. <u>Negligent Interference with Prospective Economic Advantage</u>.**

Plaintiff's negligent interference with prospective economic advantage claim is also premised upon Defendant' alleged unauthorized copying and reproduction of Plaintiff's copyrighted works. In support of Defendant's preemption argument, Defendant cited *Wild*, *supra*, 788 F.Supp.2d at 1110-11. There, the Court held that:

> First, with respect to the economic interference claims, the Ninth Circuit has addressed similar claims on many occasions and found them to be preempted. *Sybersound Records, Inc. v. UAV Corp.,* 517 F.3d 1137, 1151 (9th Cir.2008). Where claims of such interference are based on the misappropriation or improper use of one's exclusive right to exploit a protected work, such a claim essentially restates the infringement claim and is preempted. Here, the interference claims do just that. Plaintiff contends that Defendants were *1111 aware of certain unspecified continuing and advantageous economic relationships "and intended to interfere with and disrupt them ***by wrongfully incorporating themes, story lines, plots, characters, and locations*** of [*Carnival of Souls* ] into [*Heroes* ]." *See* (FAC ¶¶ 30, 37.) This amounts to nothing more than reiterating an economic loss resulting from the misappropriation of Plaintiff's copyrighted work. This is a claim that must be "exclusively addressed by the federal Copyright Act." *Idema v. Dreamworks, Inc.,* 162 F.Supp.2d 1129, 1193 (C.D.Cal.2001). As the *Idema* court put it, this claim seeks recovery for "the alleged encroachment on one's exclusive right to profit from sale or reproduction of one's original work(s) of authorship." *Id.* Such claims are preempted.

In attempting to distinguish the facts of the case from *Wild*, Plaintiff inconsistently argues that his claims are not premised on infringement of a Section

ROSEN ✧ SABA, LLP
9350 WILSHIRE BOULEVARD, SUITE 250
BEVERLY HILLS, CALIFORNIA 90212

106 right, and (2) the claims at issue include the extra element different from copyright rights. As to the former, Plaintiff has specifically incorporated the following allegations into his claim for interference:

- "Defendants' infringement of the RYOO WORK included, but was not limited to, images of Plaintiff RYOO's patients that were used on Defendants' INFRINING SITE without authorization. [First Amended Complaint at ¶24.];
- Defendants' unauthorized use of the RYOO WORK on the INFRINGING SITE violates Plaintiff RYOO's exclusive rights under Section 106 of the Copyright Act to reproduce, distribute, and prepare derivative [sic] based on these materials." [First Amended Complaint at ¶30.];
- and (3) "Defendants without authorization, used, copied, reproduced, and republished the RYOO WORK." [First Amended Complaint at ¶43.]

Thus, Plaintiff's contention that his claim is not premised on infringement of a Section 106 right is without merit. As to the latter, Plaintiff ignores that *Wild* rejected the contention that interference presented an extra element that changed the nature of the cause of action. There, as here, Plaintiff's allegation that Defendant was aware of unspecified continuing and advantageous economic relationships and negligently interfered with these relations "amounts to nothing more than reiterating an economic loss resulting from the misappropriation of Plaintiff's copyrighted work." *Id*. at p. 1111.

Further, Plaintiff's contention that Defendant owed Plaintiff some unspecified "duty of care" is wholly unsupported by any facts. "The tort of negligent interference with economic relationship arises only when the defendant owes the plaintiff a duty of care. [Citations omitted.] This duty may arise from a contractual, statutory, or 'special relationship' between the plaintiff and defendant. This 'special relationship' typically arises where the plaintiff is a beneficiary of a contract between two parties." *Silicon Knights, Inc. v. Crystal*

*Dynamics, Inc.* (N.D. Cal. 1997) 983 F.Supp.1303, 1313. There are no facts alleged in the First Amended Complaint that support the existence of any contractual, statutory, or special relationship between the parties.

**C. False Advertising and Unfair Competition.**

Plaintiff argues that his claims for false advertising and unfair competition are qualitatively different from his copyright infringement claims because Defendant used Plaintiff's work in manner that it knew would likely cause confusion. [Opposition, pg. 11, lines 3-7.] Plaintiff argues that "by 'passing off' the copyrighted elements of the RYOO WORK as his own, Defendant engaged in a deceptive practice that is not preempted by the Copyright Act." [Opposition, pg. 13, lines 7-9.]

As a matter of clarification, Plaintiff's allegations are more consistent with a reverse passing-off claim rather than a traditional passing off claim. "Passing off (or palming off, as it is sometimes called) occurs when a producer misrepresents his own goods or services as someone else's. [Citations omitted.] 'Reverse passing off,' as its name implies, is the opposite: The producer misrepresents someone else's goods or services as his own." *Dastar Corp. v. Twentieth Century Fox Film Corp.* (2003) 539 U.S. 23, 28. Here, Plaintiff's allegations are more consistent with the latter, reverse passing off. That is, Plaintiff alleges that Defendant misrepresented Plaintiff's products as his own. [Opposition, pg. 11, lines 7-9.]

The distinction is significant as the two claims are treated differently for purposes of preemption. Generally, passing off claims are not preempted. Conversely, reverse passing off claims are preempted unless the plaintiff alleges bodily appropriation and the claimant seeks more than mere monetary damages. *Aagard v. Palomar Builders, Inc.* (E.D. Cal. 2004) 344 F.Supp.2d 1211, 1217. As to the first requirement, "[i]t is not enough that the misattributed material is 'substantially similar:' instead, there must be 'bodily appropriation.'" *Clearly v. News Corp.* (9th Cir. 1994) 30 F.3d 1255, 1261. As is apparent by the exhibits

ROSEN ✧ SABA, LLP
9350 WILSHIRE BOULEVARD, SUITE 250
BEVERLY HILLS, CALIFORNIA 90212

ROSEN ✧ SABA, LLP
9350 WILSHIRE BOULEVARD, SUITE 250
BEVERLY HILLS, CALIFORNIA 90212

attached to the First Amended Complaint, the two websites are, at best, similar. Further, Plaintiff alleges only that the two websites "market many of the same dental services and products." [First Amended Complaint at ¶26.] As Defendant's website is not a "bodily appropriation" of Plaintiff's website, Plaintiff's claim is preempted.

Further, as to the latter, Plaintiff's prayer for damages is essentially monetary. Plaintiff seeks the award of punitive damages, costs of suit, restitution, attorneys' fees, and lastly injunctive relief. However, Plaintiff's claim for injunctive relief is without merit as Plaintiff concedes in the First Amended Complaint that on May 24, 2014, Defendant halted his unlawful infringement of the RYOO WORK. [First Amended Complaint at ¶33.] Thus, there is no infringing activity to enjoin.

As with Plaintiff's other claims, the essence of Plaintiff' unfair competition/false advertising claim is that Defendant violated a provision of state law by plagiarizing purported copyrightable aspects of Plaintiff's website - text and images - and misrepresenting said works as his own. These allegations are not qualitatively different from Plaintiff's copyright claim. *See*, 1 Nimmer, §1.01[B][1][e] at 1-24, n. 110 (stating that if B is selling B's products and representing to the public that they are B's products, a claim by A that B's products replicate A's is a disguised copyright infringement claim and is preempted); *See also*, *Xerox Corp. v. Apple Computer, Inc.* (N.D. Cal. 1990) 734 F.Supp. 1542, 1550 [finding a §17200 claim for unfair competition arising from defendant's alleged sale of plaintiff's work as its own thereby creating customer confusion "must necessarily be viewed as part of [plaintiff's] copyright claim" and, thus, preempted]. As each of Plaintiff's state law claims falls within the scope of the Copyright Act, they are preempted by federal law and properly dismissed.

ROSEN ✧ SABA, LLP
9350 WILSHIRE BOULEVARD, SUITE 250
BEVERLY HILLS, CALIFORNIA 90212

### D. Accounting/Unjust Enrichment.

Finally, Plaintiff's state law claims of unjust enrichment and accounting are likewise preempted. These purported claims do not describe a distinct theory of recovery; rather they are more properly described as remedies. In support of each claim, Plaintiff simply describes his purported damages arising from Defendant's alleged unauthorized conversion. Like Plaintiff's other state law claims, these rights and damages are expressly governed by the Copyright Act and are preempted.

## II. PLAINTIFF IS NOT ENTITLED TO ATTORNEYS' FEES UNDER CODE OF CIVIL PROCEDURE §1021.5

"Entitlement to fees under section 1021.5 requires a showing that the litigation: '(1) served to vindicate an important public right; (2) ***conferred a significant benefit on the general public or a large class of persons***; and (3) imposed a financial burden on plaintiffs which was out of proportion to their individual stake in the matter.'" *California Licensed Foresters Assn. v. State Bd. of Forestry* (1994) 30 Cal.App.4th 562, 568-69. Attorneys' fees under this section will only be awarded for pursuing public interest litigation, "not a reward for litigants motivated by their own interests who coincidentally serve the public." *Id*. Plaintiff's claim for attorneys' fees must be denied as his personal claim against Defendant does not confer a significant benefit on the general public or a large class of persons. Telling, Plaintiff fails to allege how the public will be benefited by his recovery of monetary damages. Again, it is conceded that the alleged infringement has been halted by Defendant more than a year prior to Plaintiff filing the instant action. Thus, the only person who stands to gain anything by this litigation is Plaintiff.

ROSEN ✧ SABA, LLP
9350 WILSHIRE BOULEVARD, SUITE 250
BEVERLY HILLS, CALIFORNIA 90212

**III. CONCLUSION.**

For all the reasons advanced above, it is respectfully requested that this Court dismiss, with prejudice, Plaintiff's state law claims for: (1) Conversion, (2) Negligent Interference with Prospective Economic Advantage, (3) False Advertising, (4) Unfair Competition, (5) Unjust Enrichment, (6) Demand for Accounting, and (6) prayer for attorneys' fees and punitive damages.

DATED: June 26, 2015

ROSEN ✧ SABA, LLP

By: /s/ Maria A. Starn
RYAN D. SABA, ESQ.
MARIA A. STARN, ESQ.
Attorneys for Defendant,
THOMAS D. HAN DMD d/b/a
BEACH DENTAL CARE

ROSEN ✧ SABA, LLP
9350 WILSHIRE BOULEVARD, SUITE 250
BEVERLY HILLS, CALIFORNIA 90212

**PROOF OF SERVICE**

**STATE OF CALIFORNIA** )
) **ss**
**COUNTY OF LOS ANGELES** )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 9350 Wilshire Boulevard, Suite 250, Beverly Hills, California 90212.

On June 26, 2015 I served the foregoing document described as: **DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER RULE 12(b)(6) AND MOTION TO STRIKE UNDER RULE 12(f)**, on the interested parties in this action as follows:

| | |
|---|---|
| David A. Berstein, Esq.<br>Nicholas D. Myers, Esq.<br>Michael J. Carey, Esq.<br>MYERS BERSTEIN LLP<br>2 Executive Circle, Ste. 205<br>Irvine, California 92614 | Attorneys for Plaintiff RYOO DENTAL, INC.:<br><br>Tel: (949) 825-5590<br>Email: Nicholas@mybelaw.com |

[ ] By Mail -

[ ] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Beverly Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[√] By electronic transmission to all parties at the recipients at the electronic address above by using the Court's CM/ECF electronic filing system.

[√] FEDERAL I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I also declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **June 26, 2015**, at Beverly Hills, California.

/s/ Maria A. Starn, Esq.

ROSEN ✧ SABA, LLP
9350 WILSHIRE BOULEVARD, SUITE 250
BEVERLY HILLS, CALIFORNIA 90212