UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 15-308-JLS (RNBx)                                    Date:  July 9, 2015
Title:  Ryoo Dental, Inc. v. Thomas D. Han DMD et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                              Not Present

**PROCEEDINGS:**   (IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (Doc. 19)

Before the Court is Defendant Thomas D. Han, DMD's Motion to Dismiss Plaintiff's First Amended Complaint.  (Mot., Doc. 19.)  Plaintiff Ryoo Dental, Inc. opposed, and Han replied. (Opp., Doc. 22; Reply, Doc. 24.)  Having read and considered the papers and taken the matter under submission, the Court GRANTS the Motion.

## I. INTRODUCTION

The First Amended Complaint alleges the following facts:
Plaintiff Ryoo Dental, Inc. comprises the dental practice of Victor Ryoo.  (FAC, Doc. 17, ¶¶ 5, 10.)  Ryoo's services include "general dentistry, dental implant therapy, teeth whitening, veneer application, and Invisalign treatment." (Id. ¶10.)
Ryoo created a website to market, promote, advertise, exploit, and solicit its dental services and products to consumers. (Id. ¶¶ 12-13.)   To promote the website, Ryoo spent considerable sums on "search engine optimization fees, photographing, editing, and updating content and maintaining its webpage."  (Id. ¶ 14.)
Around May 2012, Ryoo learned its website had lost its first page search ranking on Google.  (FAC ¶ 20.)  Ryoo hired a search engine optimization firm to remedy this.  (Id. ¶ 22.)  The firm informed Ryoo that Defendant Thomas D. Han, DMD, an Anaheim dentist, had copied content from Ryoo's website and placed it on his own website.  (Id. ¶¶

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-308-JLS (RNBx)                       Date:  July 9, 2015
Title:  Ryoo Dental, Inc. v. Thomas D. Han DMD et al.

7, 23.)  The firm further informed Ryoo that Google's algorithm was designed to "penalize" plagiarized websites and had lowered Ryoo's search ranking because of Han's copying.  (Id. ¶ 23.)  In addition, Ryoo alleges Han received "direct and indirect profits that [he] would not have realized but for" copying Ryoo's website.  (Id. ¶ 36.)

On February 24, 2015, Ryoo filed a Complaint against Han in this Court.  (Compl., Doc. 1.)

On May 8, 2015, Ryoo filed the operative First Amended Complaint, asserting claims against Han for (1) copyright infringement in violation of 17 U.S.C. § 101 *et seq.*, (2) conversion, (3) negligent interference with prospective economic advantage, (4) false advertising in violation of Cal. Bus. & Prof. Code § 17500 *et seq.*, (5) unfair competition in violation of Cal. Bus. & Prof. Code § 17200 *et seq.*, (6) unjust enrichment, and (7) accounting.  (FAC ¶¶ 41-84.)

Han now moves to dismiss Ryoo's state-law claims on the grounds that they are preempted by the federal Copyright Act.  (Mot.)  Han also moves to dismiss Ryoo's request for attorneys' fees and punitive damages.  (Id.)

## II.    LEGAL STANDARD

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all allegations of material facts that are in the complaint and must construe all inferences in the light most favorable to the non-moving party.  *Moyo v. Gomez*, 40 F.3d 982, 984 (9th Cir. 1994).  Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  "Although for the purposes of a motion to dismiss [the Court] must take all of the factual allegations in the complaint as true, [it] '[is] not bound to accept as true a legal conclusion couched as a factual

___

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 15-308-JLS (RNBx) | Date: July 9, 2015 |
| Title: Ryoo Dental, Inc. v. Thomas D. Han DMD et al. | |

allegation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

In considering a motion to dismiss, the Court is limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly judicially noticeable, and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds in Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

### III.   DISCUSSION

####     A.     Copyright Preemption of State-law Claims

Han argues Ryoo's state-law claims must be dismissed because they are preempted by the Copyright Act. The Ninth Circuit uses a two-part test to determine whether a state-law claim is preempted by the Copyright Act. *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1137-38 (9th Cir. 2006). The court "must first determine whether the 'subject matter' of the state law claim falls within the subject matter of copyright . . . ." *Id*. at 1137. Second, the court "must determine whether the rights asserted under state law are equivalent to the rights" granted by the Copyright Act. *Id*. at 1138. Both prongs must be met for preemption to occur.

Here, the subject matter of the state-law claims clearly falls within the subject matter of copyright. The Copyright Act protects "original works of authorship fixed in any tangible medium of expression . . . ." *Laws,* 448 F.3d at 1139; 17 U.S.C. § 102(a). "A website may constitute a work of authorship fixed in a tangible medium of expression . . . . Copyright protection for a website may extend to both the screen displays and the computer code for the website." *Ticketmaster L.L.C. v. RMG Technologies, Inc.*, 507 F. Supp. 2d 1096, 1104 (C.D. Cal. 2007) (citing *Integrative Nutrition, Inc. v. Academy of Healing Nutrition*, 476 F. Supp. 2d 291, 296 (S.D.N.Y. 2007)). Han allegedly copied elements from Ryoo's website including "text, photograph[s] . . . and artwork." (FAC ¶

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-308-JLS (RNBx)            Date: July 9, 2015
Title: Ryoo Dental, Inc. v. Thomas D. Han DMD et al.

17.) Thus, the subject matter of Ryoo's state-law claims clearly falls within the subject matter of copyright.[1]

The Court must next determine whether Ryoo's state-law claims assert rights equivalent to those protected by the Copyright Act. *Laws*, 448 F.3d at 113. To avoid preemption, a state-law claim must include an "extra element that changes the nature of the action so that it is *qualitatively* different from a copyright infringement claim." *Xerox Corp. v. Apple Computer, Inc.*, 734 F. Supp. 1542, 1550 (N.D. Cal. 1990) (quotation marks and citation omitted; emphasis in original). The Court addresses each claim as to this prong of the preemption test.

      **1.**     **Conversion**

The Court first considers Ryoo's conversion claim.

Conversion requires (1) the plaintiff's ownership or right to possession of a certain piece of property, (2) the defendant's conversion of the property by a wrongful act, and (3) damages. *Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1129 (N.D. Cal. 2001). In determining whether conversion claims are preempted by the Copyright Act, courts distinguish conversion of intangible property from conversion of tangible property. "Conversion of tangible property involves actions different from those proscribed by the copyright laws, and thus is not preempted." *Oddo v. Ries*, 743 F.2d 630, 635 (9th Cir. 1984). By contrast, "where a plaintiff is only seeking damages from a defendant's reproduction of a work – and not the actual return of a physical piece of property – the claim is preempted." *Firoozye*, 153 F. Supp. 2d at 1130.

Here, Ryoo alleges that Han copied various website content including text and photographs. (FAC ¶ 17.) These are indisputably intangible property. Because Ryoo seeks damages arising from this intangible property's reproduction, this claim is preempted. *See Firoozye*, 153 F. Supp. 2d at 1130. Accordingly, the Court GRANTS the Motion as to Ryoo's claim for conversion.

---

[1] For this reason, the Court is not persuaded by Ryoo's argument that this prong "cannot and should not be assumed at the pleading stage." (Opp. at 14.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-308-JLS (RNBx)            Date: July 9, 2015
Title: Ryoo Dental, Inc. v. Thomas D. Han DMD et al.

### 2. Negligent Interference with Prospective Economic Advantage

The Court next considers Ryoo's claim for negligent interference with prospective economic advantage.

The elements of this tort are: (1) an economic relationship between the plaintiff and a third party, (2) the defendant's knowledge of the relationship, (3) the defendant's negligence, and (4) that negligence interfering with or disrupting the relationship between the plaintiff and the third party. *N. Am. Chem. Co. v. Super. Ct.*, 59 Cal. App. 4th 764, 786 (1997).

Han argues this claim is preempted because the alleged disruption consists of his alleged copying of Ryoo's website. (Mot. at 6-7.) The Court agrees. Economic interference claims are preempted by the Copyright Act where the alleged "interference [is] based on the misappropriation or improper use of one's exclusive right to exploit a protected work" because "such a claim essentially restates [an] infringement claim." *Wild v. NBC Universal*, 788 F. Supp. 2d 1083, 1110 (C.D. Cal. 2011). Here, Ryoo's interference claim is based on Han's alleged copying of Ryoo's website. (FAC ¶¶ 60-63.) Thus, it is preempted.[2]

Accordingly, the Court GRANTS the Motion as to Ryoo's claim for negligent interference with prospective economic advantage.

### 3. False Advertising and Unfair Competition

The Court next considers Ryoo's false advertising and unfair competition claims.

As with the previous claims, Han argues preemption attains here because these claims essentially turn on Han's alleged copying of Ryoo's website. (Mot. at 7.)

In opposition, Ryoo argues these claims are qualitatively different from its copyright infringement claim because they are "based on [the] conversion and

---

[2] Ryoo additionally argues an "extra element" test is met here because Han had a "special relationship" with Ryoo that was disrupted by Han's copying. (Opp. at 9.) Ryoo, however, provides no factual or legal support for this contention. Accordingly, the Court does not find that the claim is saved from preemption on this basis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-308-JLS (RNBx)                      Date:  July 9, 2015
Title:  Ryoo Dental, Inc. v. Thomas D. Han DMD et al.

interference claims[,] which implicate rights beyond those protected by the Copyright Act." (Opp. at 12.) For the reasons already noted, however, this argument is not persuasive.

      Ryoo alternatively argues that dismissal of these claims is not warranted because they are in essence claims for "passing off," which are ordinarily not preempted. (Opp. at 8.) "Passing off" occurs when a producer misrepresents his own goods or services as someone else's. "Reverse passing off" occurs when a producer misrepresents someone else's goods or services as his own. *See Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 27-28 (2003); 15 U.S.C. § 1125(a). Here, Han allegedly took Ryoo's website content and used it for his own website as if it were his own; this is a "reverse passing off" claim rather than a "passing off" claim. "Reverse passing off" claims are preempted unless the plaintiff alleges bodily appropriation and seeks more than mere monetary damages. *Aagard v. Palomar Builders, Inc.*, 344 F. Supp. 2d 1211, 1217 (E.D. Cal. 2004). Ryoo alleges neither, and could not seek anything more than monetary damages, as he admits Han has ceased the alleged infringement. (FAC ¶ 33.) Thus, these claims cannot escape preemption on this basis.

      Accordingly, the Court GRANTS the Motion as to Ryoo's state-law claims for false advertising and unfair competition.

      **4.**      <u>**Unjust Enrichment and Accounting**</u>

      The Court finally considers Ryoo's claims for unjust enrichment and accounting.
      Under California law, "[t]here is no cause of action for unjust enrichment. Rather, unjust enrichment is a basis for obtaining restitution based on quasi-contract or imposition of a constructive trust." *McKell v. Washington. Mut., Inc.*, 142 Cal. App. 4th 1457, 1490 (2006). Thus, dismissal is proper on this basis. Moreover, where an unjust enrichment claim rests on the same facts and asserts the same rights as a copyright claim, it is preempted. *See Firoozye*, 153 F. Supp. 2d at 1128 (dismissing unjust enrichment claim that "at its core alleges that defendants unfairly benefitted from their unauthorized use of WebStash," which is "equivalent to the rights protected in . . . the Copyright Act"); *Zito v. Steeplechase Films, Inc.*, 267 F. Supp. 2d 1022, 1027 (N.D. Cal. 2003) ("While a claim for unjust enrichment may require proof that a benefit was conferred on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 15-308-JLS (RNBx) | Date: July 9, 2015 |
| Title: Ryoo Dental, Inc. v. Thomas D. Han DMD et al. | |

defendant, where the unjust enrichment arises from defendants' unauthorized use of a copyrighted work, such an extra element does not qualitatively change the rights at issue, the rights the plaintiff holds in the copyrighted work, and does not avoid preemption."). Accordingly, dismissal of this claim is proper.

The Court finally considers Ryoo's claim for accounting. Ryoo argues an accounting is necessary to determine the precise amount of damages arising from Han's copying. (Opp. at 12.) To the extent the accounting relates to the copyright claim, however, it is preempted. *See Young Money Entm't, LLC v. Digerati Holdings*, LLC, No. 2:12-CV-07663-ODW, 2012 WL 5571209, at *9 (C.D. Cal. Nov. 15, 2012) (rejecting plaintiff's argument that an accounting was necessary where damages were unknown because "the Copyright Act already affords [plaintiff] an adequate means by which to calculate damages"). Moreover, because Ryoo's state-law claims have been dismissed, there can be no accounting arising from them. Accordingly, dismissal of this claim is proper.

Thus, the Court GRANTS the Motion as to Ryoo's unjust enrichment and accounting claims.

### B. Request for Attorneys' Fees and Punitive Damages

Han finally moves to dismiss Ryoo's requests for attorneys' fees and punitive damages.

In opposition, Ryoo agrees dismissal of these requests is proper as to its copyright infringement claim, "subject to their reintroduction if [Ryoo] discover[s] that Defendant's infringing conduct extends past Plaintiff's copyright registration date." (Opp. at 13.) While Ryoo argues that the attorneys' fees request remains viable based on its Unfair Competition Law claim, that claim has been dismissed. Thus, there is presently no basis for Ryoo to recover attorneys' fees.

Accordingly, the Court GRANTS the Motion as to Ryoo's request for attorneys' fees and punitive damages.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SACV 15-308-JLS (RNBx) | Date: July 9, 2015 |
| Title: Ryoo Dental, Inc. v. Thomas D. Han DMD et al. | |

### IV. CONCLUSION

    For the foregoing reasons, the Court GRANTS the Motion. Ryoo's state-law claims are preempted by the Copyright Act and are DISMISSED WITH PREJUDICE. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (holding that dismissal with prejudice is appropriate where a claim cannot be saved by amendment). Ryoo's requests for attorneys' fees and punitive damages are DISMISSED WITHOUT PREJUDICE.

                                                    Initials of Preparer: tg

---